UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIAS SILVA,<br><br>Defendant. | No. 2:22-cr-00092-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Elias Silva's ("Defendant") Motion to Continue Sentencing. (ECF No. 57.) The Government opposes the Motion. (ECF No. 58.) Defendant filed a reply. (ECF No. 59.) For the reasons set forth below, the Court DENIES Defendant's Motion.

///
///
///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2022, Defendant was charged with one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) ("Count One").  (ECF No. 11.)  On May 4, 2022, Defendant appeared, entered a not guilty plea, and demanded a jury trial.  (ECF No. 13.)  During a status conference on April 25, 2024, the Court set a jury trial for January 27, 2025.  (ECF No. 27.)  On December 5, 2024, during a trial confirmation hearing, the Court reset the jury trial for February 24, 2025.  (ECF No. 28.)  Defendant was then released on an unsecured bond.  (ECF No. 34.)  Defendant subsequently filed a request to set a change of plea hearing, and the parties stipulated to vacate the trial.  (ECF Nos. 43, 45.)

On March 13, 2025, the Court held a change of plea hearing where Defendant entered an open guilty plea to Count One of the Indictment.  (ECF No. 50.)  The Court then referred the matter to Probation to prepare a Presentence Report ("PSR") and to set a schedule for the parties to file sentencing memoranda.  (*Id.*; ECF No. 52.)  On May 28, 2025, a draft PSR was filed.  (ECF No. 56.)  On June 11, 2025, Defendant's counsel held a meeting with Probation to discuss counsel's concerns with the draft PSR.  (ECF No. 57 at 3.)  Defendant requested the Government stipulate to a continuance, but the Government declined on June 12, 2025.  (*Id.*)  Defendant then filed the instant Motion to Continue Sentencing on June 20, 2025.  (*See id.*)

### II.    STANDARD OF LAW

Generally, courts consider the following four factors when determining whether or not to grant a continuance: (1) Defendant's diligence in readying his defense prior to the date set for sentencing; (2) the likelihood the continuance would serve a useful purpose; (3) the extent to which granting the continuance will inconvenience the Court and the opposing party; and (4) the extent to which Defendant may suffer harm as a result of the Court's denial.  *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985), *amended*, 764 F.2d 675 (9th Cir. 1985) (internal citations omitted).  The weight attributed to each factor varies "with the extent of the showing on the other factors."  *Id.*  Ultimately, district courts have broad discretion when deciding whether to grant a continuance.  *United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999).

///

**III.   ANALYSIS**

Defendant argues the four *Flynt* factors weigh in favor of granting a continuance.  (ECF No. 57 at 4–6.)  The Government disagrees.  (ECF No. 58.)  The Court addresses each factor in turn.

      A.   <u>Diligence</u>

Defense counsel states he has been "diligent in his representation[.]"  (ECF No. 57 at 5.)  Specifically, after the draft PSR was filed on May 28, 2025, defense counsel states he reached out to Probation regarding perceived issues with the draft on June 11, 2025.  (*Id.* at 3.)  Defense counsel determined, after the discussion with Probation, "the issues could not be resolved without more time and collecting and reviewing additional records."  (*Id.*)  Additionally, defense counsel contends this additional time would be needed for Probation to address his informal objections.  (*Id.* at 5.)  Defense counsel then sought to continue sentencing via stipulation of the parties, but the Government refused on June 12, 2025.  (*Id.*)  Defense counsel states he then sought to draft and file informal objections despite the time needed to collect additional records.  (*Id.* at 4.)  However, defense counsel states that after he discussed the case with a mitigation specialist, he decided to request funding for the mitigation specialist and to file this Motion to Continue.[1]  (*Id.*)

In opposition, the Government argues neither Defendant nor his counsel have demonstrated diligence.  (ECF No. 58 at 2.)  According to the Government, defense counsel's statement that he has been "diligent" is insufficient without a "factual recitation" of what steps he has taken to prepare for sentencing.  (*Id.*)

In reply, defense counsel informs the Court he met again with Probation on July 1, 2025, to review the documents Probation relied on for the draft PSR.  (ECF No. 59 at 3.)  According to defense counsel, he now has "clarity" and "will" request more documentation from CDCR.  (*Id.*)

The Court finds defense counsel has shown a complete lack of diligence in representing his client.  The draft PSR was filed on May 28, 2025 — a day earlier than ordered.  (ECF No. 55.)  In accordance with the Local Rules, informal objections were due on June 12, 2025.  E.D. Cal.

---

[1]   Defense counsel filed the request for a mitigation expert on June 18, 2025 — six days after informal objections were due.  The Court denied this request on June 23, 2025.

3

1  L.R. 461(b).  While defense counsel states he was diligent in his representation, he only describes
2  the following steps he took *two days* before the objection deadline: calling the Probation officer
3  on June 11, 2025, the day before informal objections were due; and requesting a last-minute
4  stipulation for a continuance from the Government on June 12, 2025, the day objections were
5  due.  Neither action demonstrates due diligence.  In fact, it shows the opposite.  Moreover, if
6  defense counsel had drafted eight pages of informal objections those pages should have been
7  lodged with the Probation officer.  Failing to file those objections with Probation by the deadline
8  in hopes this Court would grant a continuance is also not sign of diligence — it is a dereliction of
9  duty.² The Court finds it notable that defense counsel fails to explain what actions, if any, he took
10 during the approximately two-week period between when the draft PSR was filed on May 28,
11 2025, to when objections were due on June 12, 2025.  Defendant's new claim in reply that he now
12 has "clarity" after meeting with Probation on July 1, 2025, and "will" be seeking more documents
13 from CDCR — now more than two weeks after the deadline to file informal objections — only
14 serves to reinforce to the Court a glaring lack of diligence and outright disrespect for the local
15 rules.
16      In sum, the Court finds defense counsel was not diligent and therefore this factor weighs
17 against granting Defendant's motion.
18           B.     Usefulness
19      Defendant argues a continuance would be useful because it would allow him to "collect
20 certain records and investigate the veracity of Probation's sources of information[.]"  (ECF No.
21 57 at 4.)  Specifically, Defendant maintains that challenging this information is critical because of
22 "detrimental impact" these narratives can have on the decision the Bureau of Prisons ("BOP")
23 makes including whether he goes to a U.S. Penitentiary or not.  (*Id.* at 3–5.)  Additionally,
24 Defendant contends it would allow for a mitigation specialist to assist in the preparation for
25 sentencing if funding is approved.  (*Id.* at 4.)

---

² In reply, defense counsel admits he should have provided the informal objections to Probation and the Government while this Motion to Continue was pending and his failure to do so was "erroneous."  (ECF No. 59 at 1.)  To remedy this error, defense counsel states he emailed the informal objections to Probation and the Government on July 1, 2025.  (*Id.*)

In opposition, the Government argues Defendant's primary reason for a continuance is not relevant to the Court's sentencing determination. (ECF No. 58 at 2–3.) According to the Government, the narratives Defendant seeks to challenge in the PSR are not relevant to the Court's sentencing determination. (*Id.* at 2.) Moreover, the Government argues it is "inappropriate" to continue sentencing in order to "pre-emptively challenge a future collateral decision by the BOP" because the BOP has "sole responsibility to identify the facility where a federal prisoner will serve his sentence." (*Id.* at 3.)

The Government is correct that generally it is the BOP — rather than the Court — that determines where a federal prisoner is housed. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"). While the Court reviews the entire PSR when making a sentencing determination, because the information Defendant seeks to challenge is not specifically relevant to this Court's sentencing determination, the Court finds this factor does not weigh in favor of continuing sentencing.

### C. Inconvenience

Defendant contends he has "no specific knowledge or information" as to whether the month-long continuance would be an inconvenience to the Government or the Court. (ECF No. 57 at 6.) In opposition, the Government argues a continuance does pose an inconvenience both for the Government and the Court. (ECF No. 58 at 3.) According to the Government, this case is already over three years old and "[f]urther delay saps judicial, probation, and prosecution resources requiring rescheduling of matters, calendars, and time." (*Id.*)

Re-calendaring the proceedings does not create any scheduling difficulties or inconvenience for the Court. This is a routine occurrence that even happened recently due to the Court's own schedule. (*See* ECF No. 54.) While the Court understands rescheduling does take time, the Court fails to see how this amount of time "saps" the Government's resources. In short, the Court finds this factor weighs slightly in favor of continuing sentencing.

### D. Prejudice

Finally, Defendant argues the draft PSR contains narratives that are "extremely prejudicial" to the Court's view and perception of the Defendant as well as the impact on the BOP

5

1  security classification.  (ECF No. 57 at 4–5.)  In opposition, the Government argues Defendant

2  has not shown he will suffer harm as a result of the continuance.  (ECF No. 58 at 3.)  According

3  to the Government, Defendant cannot be harmed "in a legally-cognizable way" if the Court does

4  not delay sentencing because the decision by the BOP is an unreviewable collateral decision.[3]

5  (*Id.* at 4.)

6        The Court finds Defendant has not sufficiently shown he will suffer prejudice without a

7  continuance.  Defendant states he seeks the continuance to investigate the "veracity of the sources

8  of information relied upon by Probation" because there is inaccurate information contained within

9  the draft PSR that is "extremely prejudicial."  (ECF No. 57 at 1, 4–5.)  However, Defendant

10  provides no basis to support this argument, and it is unclear to the Court what prevented

11  Defendant from investigating the "sources of information" within the timeline provided by the

12  local rules.  Moreover, as noted above, because the information Defendant seeks to challenge is

13  not specifically relevant to the Court's sentencing determination, Defendant fails to persuade the

14  Court such theoretical harm is enough to establish prejudice.

15        In sum, the Court finds on balance the *Flynt* factors weigh against granting the Motion to

16  Continue.

17        **IV.   CONCLUSION**

18        For the foregoing reasons, Defendant's Motion (ECF No. 57) is DENIED.  However, after

19  consulting with the assigned Probation Officer and due to the Probation Officer's current

20  workload, the Court on it is own motion, hereby VACATES and RESCHEDULES Defendant's

21  Judgment and Sentencing set for July 10, 2025, to July 31, 2025, at 9:30 AM in Courtroom 2

22  (TLN) before Chief Judge Troy L. Nunley.  The PSR schedule is modified as follows:

23  • Final PSR: Due July 10, 2025

24  • Formal Objections: Due July 17, 2025

25  • Reply/Response: Due July 24, 2025

---

[3] The Government also contends denying the motion to continue would not prejudice Defendant because he does not have a right to a mitigation specialist nor is one required in this case.  (ECF No. 58 at 4.)  As noted above, after this opposition was filed, the Court denied the request for funding for a mitigation specialist.  Accordingly, this argument is moot.

IT IS SO ORDERED.

Date: July 3, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE