UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ELIAS SILVA,

Defendant.

No. 2:22-cr-00092-TLN

**ORDER**

This matter is before the Court on the Government's Application Compelling Prior Defense Counsel to Provide Information to the United States. (ECF No. 77.)  Defendant Elias Silva ("Defendant") filed an opposition. (ECF No. 78.)  For the reasons set forth below, the Government's application is GRANTED in part.

On April 28, 2022, the Government filed an Indictment charging Defendant with one count of distribution of methamphetamine in violation of 21 U.S.C. § 853(a). (ECF No. 11.)  On March 13, 2025, Defendant entered a guilty plea as to Count One of the Indictment. (ECF No. 50.)  On July 31, 2025, the Court held a status of counsel hearing, wherein Defendant requested new counsel be appointed. (ECF No. 65.)  After the Court heard from Defendant and defense counsel, the Court granted Defendant's request and relieved attorney Etan Zaitsu ("Zaitsu"). (*Id.*)  Defendant also noted at the hearing that he had retained new counsel. (*Id.*)

1

On June 11, 2026, Defendant filed a motion to withdraw the guilty plea.  (ECF No. 73.) Defendant argues Zaitsu: (1) "failed to conduct a minimally sufficient investigation of the facts alleged in the complaint filed on April 15, 2022"; (2) "failed to diligently research and explain potential trial defenses"; (3) "failed to file any pretrial motions"; and (4) "failed to conduct a minimally sufficient investigation of facts concerning [Defendant's] prior convictions."  (*Id.* at 2.) Defendant also argues Zaitsu failed to inform him — before he entered an open plea — that Zaitsu had been relieved as CJA appointed counsel in another case in which he advised and allegedly pressured a defendant to enter an open plea.  (*Id.* at 2–3 (citing *United States v. Markanson*, No. 2:18-cr-00024-TLN).)

Instead of filing a response to the motion, the Government filed the instant application for an order: (1) finding Defendant waived the attorney-client privilege as to communications with Zaitsu; and (2) compelling Zaitsu to provide information to the United States regarding his communications with Defendant.  (ECF No. 77 at 3.)  The Government contends it "needs the opportunity to obtain information regarding [Zaitsu's] oral and written communications" with Defendant to adequately respond to the instant motion.  (*Id.* at 2.)  The Government contends that "[w]here a defendant alleges ineffective assistance of counsel, 'he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.'"  (*Id.* (quoting *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc)).)  The Government submitted a proposed order requesting that Zaitsu "provide a copy of all information in his possession" of:

1) any and all case-related communications and discussions regarding steps that Zaitsu took to prepare for trial;

2) any communications, strategy, discussion, research, and investigative work product about the potential pretrial defenses; and

3) any notes or communications regarding the defendant's desire to go to trial or resolve his case to the United States[.]

(ECF No. 82 at 1–2.)

In opposition, Defendant maintains the Government misquotes *Bittaker*, as the case does not stand for the proposition that *all* communications with his allegedly ineffective lawyer are waived, rather it sets forth a narrow waiver and articulated guidelines courts must follow.  (ECF

No. 78 at 1–3.)  Defendant notes that he is not required to show he would not have pled guilty, but "the proper legal advice of which he was deprived 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty.'"  (*Id.* at 4 (quoting *United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011)).)  Defendant contends the Government does not justify its request or address the limits articulated in *Bittaker* and instead offers only broad conclusory statements.  (*Id.* at 5.)  Defendant also notes the Assistant U.S. Attorney prosecuting this case was in a position to directly observe Zaitu's representation of him, knew at least some of the actions Zaitsu took (or did not take) to prepare for trial, and cross-examined Zaitsu at length in *United States v. Markanson* while opposing Markanson's claims that he received ineffective assistance of counsel from Zaitsu.  (*Id.* at 6–7.)  Defendant contends the Government's request for "*any* notes or communications regarding the defendant's desire to go to trial or resolve his case" is concerning because any notes Zaitsu might have on Defendant's "desire to go to trial or resolve his case" are more likely to reflect what Zaitsu most wanted to remember.  (*Id.* at 8.)  Instead, according to Defendant, Zaitsu's memories of what he specifically did and his reasons for doing so are less likely to be imagined.  (*Id.*)

Where a defendant raises an ineffective assistance of counsel claim, "he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker*, 331 F.3d at 716.  "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials" and "[t]he party asserting the claim is said to have implicitly waived the privilege." *Id.* at 719.  With respect to implied waivers, the Ninth Circuit sets forth three guiding principles. *Id.* at 720.  Relevant here, the Ninth Circuit explained:

> The court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.  Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose.  Courts, including ours, that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question.

*Id.*

Here, the Court finds Defendant has implicitly waived his attorney-client privilege with

3

respect to communications with Zaitsu regarding failure to investigate facts, trial preparation, trial defenses, and communications regarding Defendant's desire to go to trial or resolve his case. However, the Court also finds the Government's proposed disclosure to be broader than necessary to ensure the fairness of these proceedings.  As just stated, *Bittaker* sets forth limiting principles as to the scope of waiver and therefore does not stand for the proposition that Defendant has waived his attorney-client privilege as to all communications with his attorney. 331 F.3d at 720.  The Government fails to explain why a declaration from Zaitsu or even an evidentiary hearing on the foregoing issues would not suffice.

For the foregoing reasons, the Government's application is GRANTED in part.  (ECF No. 77.)  Accordingly, IT IS HEREBY ORDERED:

1.  The Government must serve a copy of this Order on Etan Zaitsu no later than July 8, 2026;

2.  Not later than July 16, 2026, Zaitsu shall file a declaration under penalty of perjury that:

    (1) lists all actions he took to prepare for the trial that was set for February 25, 2025, including: (a) any and all legal research concerning potential trial defenses he conducted prior to February 25, 2025; and (b) any and all investigation related to those defenses that he conducted prior to February 25, 2025;

    (2) lists all attempts he made to resolve the case with the Government before February 25, 2025, including any offers made by the Government;

    (3) documents and explains: (a) when he first recommended to Defendant that he enter an open guilty plea; (b) the reasons to enter an open guilty plea he presented to Defendant; (c) the reasons not to enter an open guilty plea he presented to Defendant; (d) whether or not he fully advised Defendant of his right to a jury trial, including the requirement that a jury verdict be unanimous; and (e) whether or not he provided Defendant with a sentencing guidelines calculation before he entered an open guilty plea;

(4) addresses questions from the Government, submitted through Defendant's current counsel, so long as they are submitted to Zaitsu no later than July 10, 2026 and accord with this Court's Order;

3.  At the time of filing his declaration, Zaitsu shall file a Notice of Request to Seal in accordance with Local Rule 141;

4.  By July 16, 2026, Zaitsu shall also serve copies, on counsel for Defendant and the Government, of any and all notes, documents, or other evidence relevant to the subject matter of the declaration; and

5.  All responsive information provided by Zaitsu to the parties shall be subject to the following PROTECTIVE ORDER:

(1) The Government is prohibited from using the responsive information for any purpose other than litigating the instant motion; and

(2) The United States Attorney's Office for the Eastern District of California shall not disseminate the responsive information to any other persons or offices, including law enforcement or prosecutorial agencies.

IT IS FURTHER ORDERED that the Government shall file a response to Defendant's motion to withdraw guilty plea by July 23, 2026.  Defendant shall file any reply by July 30, 2026. The status hearing in this matter originally set for July 2, 2026, is continued to August 6, 2026.

IT IS SO ORDERED.

Date: July 7, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5